REDMANN, Chief Judge,
dissenting from overruling
Kennedy correctly interpreted La.R.S. 33:2120’s words (found also in R.S. 42:545) making state employee pensions “exempt from levy and sale, garnishment, attachment or any other process whatsoever, and ... unassignable _” It correctly allowed to the non-employee spouse a credit for the enhancement of the pension value by community funds, as Louisiana courts have long done for community expenditures upon (and enhancement thereby to) separate property. That is exactly what the trial court should have done here. *646 (Other assets did exist, including a home that the parties sold, dividing its proceeds.) Indeed, the trial court or this court could simply render a judgment against the retired employee for any amount due to the non-employee spouse. That judgment could be executed just as any other judgment. But R.S. 42:545 provides that state employee retirement system benefits are “exempt from levy and sale, garnishment, attachment or any other process whatsoever....” Is there some way to enforce a judgment other than by “levy and sale, garnishment, attachment or [some] other process whatsoever”? Is there some process that is not some “other process”?